

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-4-2005

# Roberts v. Atty Gen NJ

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-3880

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Roberts v. Atty Gen NJ" (2005). *2005 Decisions.* Paper 450.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/450

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 04-3880

_____

KEITH MAURICE ROBERTS;
ROBYN ROBERTS,

Appellants

v.

PETER HARVEY, Individually and in his capacity as Attorney General of the
State of New Jersey; COUNTY OF MIDDLESEX, Law Department; COUNTY OF
MIDDLESEX, Bruce J. Kaplan, individually and in his capacity as Prosecutor of
Middlesex County; COUNTY OF MIDDLESEX, Robert W. Gluck, individually
and in his capacity as Prosecutor of Middlesex County; NEW JERSEY STATE
POLICE DEPARTMENT; NEW JERSEY STATE POLICE, DEPARTMENT,
Colonel Justin J. Dintino, individually and in his capacity as Colonel/Superintendent
for the State of New Jersey;  NEW JERSEY STATE POLICE DEPARTMENT,
Colonel Joseph Fuentes, individually and his capacity as Colonel/Superintendent
for the State of New Jersey; NEW JERSEY STATE POLICE, K. Kaskiew,
individually and in his capacity as a State Trooper for the State of New Jersey;
NEW JERSEY STATE POLICE, Wondrack, Individually and in his capacity
as a State Trooper for the State of New Jersey; NEW JERSEY STATE
DEPARTMENT, John Doe, individually and in his capacity as a State Trooper
for the State of New Jersey; NEW JERSEY STATE POLICE DEPARTMENT,
Jane Doe, individually and in her capacity as a State Trooper for the
State of New Jersey

_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(D.C. Civ. No. 03-cv-05181)
District Judge:  Honorable Dennis M. Cavanaugh

1

Submitted Under Third Circuit L.A.R. 34.1(a)
September 30, 2005
Before:   RENDELL, FUENTES and WEIS, Circuit Judges.
Filed October 4, 2005

_____

OPINION

_____

WEIS, Circuit Judge.

Plaintiff Roberts was convicted in the state courts of New Jersey for possession of a controlled substance with the intent to distribute.  He served a period of incarceration from 1996 until October 29, 2001.  In April 2002, the state of New Jersey dismissed the plaintiff's indictment and vacated his conviction.  In an affidavit in support of the motion to vacate the conviction, the New Jersey Attorney General stated that "one could argue and a conclusion could be reached by the court that colorable issues of racial profiling are present in [this] case."

On October 29, 2003, plaintiff filed a complaint in the District Court against various state officials under 42 U.S.C. § 1983 alleging that a number of constitutional violations occurred in connection with his conviction.  The District Court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a cause of action.

In its Memorandum Opinion, the District Court said plaintiff "invokes a legal framework that may warrant relief, but fails to recite sufficient factual allegations that fit within that framework.  The problem with the allegations in the plaintiff's complaint is

2

that they do not disclose enough information to warrant such inferences as plaintiff wishes this court to make." The District Court held that "the record simply lacks sufficient detail to constitute a cause of action against defendants."

In Alston v. Parker, 363 F.3d 229 (3d Cir. 2004), however, we found that a complaint that was less informative and organized than the one at issue here was nevertheless sufficient to withstand a Rule 12(b)(6) motion. We observed that, to comply with the liberal notice pleading standards of the Federal Rules of Civil Procedure, a complaint need only be a "short and plain statement of the claim showing that the pleader is entitled to relief." Id. at 233 (quoting Fed. R. Civ. P. 8(a)). To withstand a Rule 12(b)(6) motion, "a plaintiff need not plead facts." Id. at 233 n.6. A "plaintiff need only make out a claim upon which relief can be granted." Id. See also Wright & Miller, Federal Practice and Procedures § 1356. The complaint here met that standard.

We note also that the District Court dismissed the complaint without leave to amend. As we concluded in Shane v. Fauver, 213 F.3d 113, 116 (3d Cir. 2000), a District Court should grant a plaintiff leave to amend before it dismisses a complaint pursuant to Rule 12(b)(6). We have suggested that district courts employ the following procedure when considering 12(b)(6) motions:

> [W]e suggest that district judges expressly state, where appropriate, that the plaintiff has leave to amend within a specified period of time, and that application for dismissal of the action may be made if a timely amendment is not forthcoming within that time. If the plaintiff does not desire to amend,

3

he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate.

Shane, 213 F.3d at 116 (quoting Borelli v. City of Reading, 532 F.2d 950, 951 n.1 (3d Cir. 1976) (internal quotations omitted).

Plaintiff also filed his claim within the statute of limitations. In Gibson v. Superintendent of New Jersey Dept. of Law and Public Safety, State Police Div., 411 F.3d 427 (3d Cir. 2005), we considered a factually similar case and concluded that the statute of limitations did not begin to run until the State vacated the conviction. Thus, when plaintiff filed his suit on October 29, 2003, just over eighteen months after New Jersey vacated his conviction, he was within the two-year statute of limitations applicable to this case.

Accordingly, the Judgment of the District Court will be reversed and the case will be remanded for further proceedings consistent with this Opinion.